## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Stephanie Brown, Individually And On Behalf Of Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>Care Front Funding D/B/A Capfront, Inc.,<br><br>　　　　　Defendant. | Case No.: 8:22-cv-02408-VMC-JSS<br><br>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND REASONABLE ATTORNEY'S FEES AND COSTS AGAINST DEFENDANT CARE FRONT FUNDING D/B/A CAPFRONT, INC.** |

## <u>Points and Authorities Supporting Plaintiff Stephanie Brown's Motion for Default Judgment</u>

Plaintiff Stephanie Brown ("Plaintiff"), through her attorney of record, hereby moves this Court for a Default Judgment and attorney's fees and costs against Defendant Care Front Funding d/b/a Capfront, Inc. ("Defendant") relating to her individual claims. Plaintiff filed contemporaneously with this motion a notice of voluntary dismissal of the putative class claims. Therefore, the only remaining claims are Plaintiff's individual claims.

## I. Basis of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction without general subject matter jurisdiction and may only adjudicate those cases which the Constitution and Congress authorize. See *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). This court has jurisdiction over the issues raised pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. ("TCPA") and the Florida Telephone Solicitation Act (FTSA"), Fla. Stat. §§ 501.059, et seq.

## II. Procedural History and Service of Process

Under Rule 4 of the Federal Rules of Civil Procedure, a business entity can be served by delivering a copy of the summons and complaint to: 1) an officer, 2) a managing or general agent, or 3) any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1). Whether a person is an agent for service of process is determined by federal, rather than, state standards. See *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316, 84 S. Ct. 411, 11 L. Ed. 2d 354 (1964).

The requirements of Rule 4(h) are liberally construed to achieve its underlying purpose of giving a party notice of a claim against it. *Grand*

*Canyon Resort Corp. v. Drive-Yourself Tours, Inc.*, 2006 WL 1722314, * 3 (D.Ariz. June 22, 2006) (citing, among others, *Direct Mail*, 840 F.2d at 688-89; *Chan v. Soc'y Expeditions, Inc.,* 39 F.3d 1398, 1404 (9th Cir. 1994); *see also Rovinski v. Rowe*, 131 F.2d 687, 1942 U.S. App. LEXIS 2921 (6th Cir. 1942)). An appointed agent's authority need not be express; it can also be implied. *Grand Canyon Resort Corp.*, 2006 WL 1722314 at 3 (*citing Direct Mail*, 840 F.2d at 685). "Implied authority may be sufficient where an individual is not an employee but is 'so integrated with the organization that he will know what to do with the papers . . . so as to render it fair, reasonable and just to imply authority on his part to receive service,' and as long as the party receives sufficient notice of the complaint." *Id.* (quoting *Direct Mail*, 840 F.2d at 866) (holding that receptionist employed by another corporation was an agent despite denial of authority when defendant corporation shared office space with her employer and she was only person in the office).

On October 28, 2022, Defendant was served a copy of the summons and complaint in this action through an authorized person at Defendant's registered agent's address. *Declaration of Ryan L. McBride in Support of Plaintiff's Motion for Entry of Default "McBride Decl." ¶3; Proof of Service attached as Exhibit A.* Defendant failed to file a responsive pleading and did

not request an extension from Plaintiff by the deadline pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure. *McBride Decl. ¶5.*

On December 16, 2022, the Court ordered Plaintiff to apply to the Clerk for an Entry of Default by December 22, 2022. (ECF #10).

On December 20, 2022, Plaintiff filed a Motion for Clerk's Entry of Default and served the Motion for Clerk's Entry of Default on Defendant's statutory agent via U.S. Mail. ECF #12; *McBride Decl. ¶10, 11.*

On January 10, 2023, the Clerk of Court issued an Entry of Default against the Defaulting and non-appearing Defendant. (ECF #13). Plaintiff served the Clerk's Entry of Default on Defendant's statutory agent via U.S. Mail. *McBride Decl. ¶13,14.*

Despite Plaintiff's counsel's service of the lawsuit, mailing of the Motion for Entry of Default and the subsequent Clerk's Entry of Default, Defendant still refuses to file a response. *McBride Decl. ¶17.*

Therefore, Defendant is well aware of the lawsuit, and is simply refusing to respond. Defendant was doing business in the State of Florida, was properly served with process, and has failed to answer or otherwise respond to the Complaint.

*//*

### III. Personal Jurisdiction

At all times relevant, Defendant conducted business within the State of Florida and the within the jurisdiction of the Middle District of Florida. This is evidenced by the telephone calls received by Plaintiff's Florida telephone number in Florida. *Brown Decl. ¶¶ 4-11.* Further, Plaintiff has asserted claims under the TCPA, which is a federal statute. Therefore, venue is proper and personal jurisdiction has been established.

### IV. Claims for Liability

#### A. Factual Basis of Illegal Conduct

Defendant engaged in the following illegal conduct which gives rise to this action. Plaintiff now provides this summary in order to provide the Court more of an understanding of the basis for the amount of damages sought. On or around June 12, 2009, Plaintiff placed herself on the National Do-Not-Call Registry. *Brown Decl. ¶3.* In or around August 2022, Plaintiff began receiving phone calls from Defendant advertising Defendant's business loans. *Brown Decl. ¶4.* The phone calls were received at Plaintiff's Florida cellular telephone number. *Id.* Plaintiff is the sole subscriber of the phone associated with the number that received the phone calls and is financially responsible. *Brown Decl. ¶5, 6.*

More specifically, on August 9, 2022, Plaintiff received a phone call from Defendant. *Brown Decl. ¶ 7.* When Plaintiff answered the call, the line was initially silent, until Plaintiff heard a beep on the other line. *Brown Decl. ¶ 8.* After the beep, one of Defendant's agents asked Plaintiff if Plaintiff was in need of a business loan. *Brown Decl. ¶ 9.* Plaintiff stated that she was not interested and hung up. *Brown Decl. ¶ 10.* The next day, on August 10, 2022, Plaintiff received another call from Defendant. *Brown Decl. ¶ 11.* On August 17, 2022, Plaintiff received a third call from Defendant. *Brown Decl. ¶ 12.* When Plaintiff answered this call, Defendant's agent acted as if they did not know who Plaintiff was or that Plaintiff had been previously contacted and declined Defendant's services. *Brown Decl. ¶13.*

In summary, Plaintiff received *at least* 3 phone calls from Defendant within a 12-month period despite being on the National Do Not Call Registry since 2009. *Brown Decl. ¶14.*

## B. Legal Argument

As noted above, Plaintiff brought this action against Defendant as a result of Defendant's violations of the TCPA and the FTSA.

Under the TCPA and FTSA, Plaintiff sought to be compensated for: 1) Defendant's non-emergency phone calls to Plaintiff without Plaintiff's

express written consent and while Plaintiff was on the National Do Not Call Registry, in violation of 47 U.S.C. § 227(c)(5) (*See Complaint* ¶ 60, 61); 2) Defendant's use of equipment having the capacity to dial numbers without human intervention to make non-emergency phone calls to Plaintiff, in violation of Fla. Stat. § 501.059(8)(a) (*See Complaint* ¶ 72); and 3) Defendant's non-emergency phone calls to Plaintiff without Plaintiff's express written consent and while Plaintiff was on the National Do Not Call Registry, in violation of Fla. Stat. § 501.059(1)(g) (*See Complaint* ¶ 72).

Defendant's phone calls to Plaintiff's Florida phone number without prior written express consent while Plaintiff was on the National Do Not Call Registry and after Plaintiff informed Defendant that Plaintiff was not interested in Defendant's services caused Plaintiff harm, including an invasion of Plaintiff's privacy, aggravation, annoyance, intrusion on seclusion, trespass, conversion and caused disruption to her daily life. Thus, Defendant has violated the above sections of the TCPA and the FTSA.

### D. Fed.R.Civ.P. 55(b)(2)

Defendant is not a minor nor incompetent person. Defendant is a business entity. *See Complaint* ¶ *13*.

//

### E. Default Judgment

<u>Procedural Requirements</u>

Plaintiff has satisfied the procedural requirements for default judgment against Defendant. Plaintiff submitted an application for entry of default, which prompted the Clerk of the Court to enter default against Defendant on January 10, 2023. (ECF #13). Plaintiff's request for relief does not differ from that prayed for in the complaint. Thus, the application for default judgment complies with the Federal Rules of Civil Procedure.

<u>Substantive Requirements</u>

"There must be a sufficient basis in the pleadings for the judgment requested." *K.J.C. v. City of Montgomery*, 2019 U.S. Dist. LEXIS 173431 (D. Ala.). In other words, the party must still state a claim for relief. *Id. citing Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citations omitted) ("[A] default judgment cannot stand on a complaint that fails to state a claim"). The court must assure itself that there is a "sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The Eleventh Circuit has decided that this standard is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin*

*Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015).

So, all well-plead factual allegations, but not legal conclusions, are deemed admitted. *Id.* (quoting *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005)).

Entry of default judgment is left to the discretion of the Court. *Hamm v. DeKalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985). By defaulting, Defendant admits Plaintiff's well-pleaded allegations of fact in the Complaint. *Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987). However, "there must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

The Court considers several factors upon a motion for entry of default judgment, including: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Banks v. SFRC Medical Dept. Officials*, No. 09-20203-CIV-LENARD, 2011 U.S. Dist. LEXIS 26401, 2011

WL 900544, *6 (S.D. Fla. Feb. 25, 2011).

### 1) The Possibility of Prejudice to the Plaintiff

Under the first factor, the Court considers the possibility of actual prejudice to Plaintiff. In this instance, Defendant has prejudiced Plaintiff's ability to proceed with the case and has interfered with the judicial process. See *Chavez v. Morales, No. 19-cv-0447 BRB/SMV, 2020 U.S. Dist. LEXIS 126253 (D.N.M. July 17, 2020)* at 9. Plaintiff will be prejudiced if she does not receive compensation for the violation of her rights afforded to her by the Telephone Consumer Protection Act and the Florida Telemarketing Solicitation Act. Here, if Plaintiff is not awarded default, Plaintiff will be left with no other recourse to recover compensation. Therefore, Plaintiff would be prejudiced without this default judgment.

### 2) The Merits of Plaintiff's Substantive Claim

The merits of Plaintiff's case are strong. Plaintiff was called without her permission while on the National Do Not Call Registry, and after informing Defendant that Plaintiff was not interested in Defendant's services. *Brown Decl. ¶15.* Thus, Plaintiff has a strong case for willfulness for at least two (2) of the calls made to Plaintiff under the TCPA and FTSA.

*//*

### 3) The Sufficiency of the Complaint

As stated previously, the complaint sufficiently describes the details of the calls made to Plaintiff, the communications between Plaintiff, and the continued harassment by Defendant of Plaintiff. *See Complaint ¶¶ 35-46.*

### 4) The Sum of Money at Stake in the Action

The sum of money here is significant for Plaintiff and Defendant as the calls made to Plaintiff, were each tied to per-call statutory damages under the TCPA and FTSA. Plaintiff is entitled to compensation under these statutes.

### 5) The Possibility of a Dispute Concerning Material Facts

Plaintiff has provided an email from Defendant attached as "Exhibit B". *See Exhibit B.* This email was sent as a follow up to one of the calls received by Plaintiff. *Id.* Thus, it is very unlikely that Defendant would or could dispute the calls were made to Plaintiff, which is the basis of the complaint.

### 6) Whether the Default Was Due to Excusable Neglect

Defendant has been well aware of this case from the time of service. On several occasions, Plaintiff's counsel warned Defendant that Plaintiff would see default and default judgment if Defendant failed to respond to the lawsuit. Plaintiff's counsel served the Motion for Entry of Default and the subsequent Clerk's Entry of Default via U.S. Mail on Defendant's statutory

agent. *See McBride Decl. ¶¶ 3, 11, 14*. Defendant's Entity Status on the New York Department of State Division of Corporations is listed as "active." Thus, Defendant has received Plaintiff's service of these documents and is simply choosing not to respond to the lawsuit.

### 7) The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

While there is a strong policy to decide the case on the merits, Plaintiff, through counsel, has explored every possible avenue in trying to get Defendant to participate in the case to no avail. It appears there is no other choice here, but to proceed with the case without Defendant. Furthermore, the merits here can be decided because Plaintiff has provided evidence supporting Plaintiff's claims contemporaneously with this motion.

### F. Damages

Preliminarily, Plaintiff notes that Plaintiff is only seeking statutory damages under the three causes of action brought in the complaint. Plaintiff is *not* seeking additional actual damages.

If the Court determines that the admitted factual allegations state a legal claim, the Court turns to the issue of damages. *Thompson v. Freedom Patrol*, 2009 U.S. Dist. LEXIS 72240, 2009 WL 2525291, at *1 (M.D. Ala. Aug. 17,

2009) (citing *Chudasama*, 123 F.3d at 1364 n.27). "Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism and The Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). If the Court finds Defendant liable, by default or otherwise, the Lanham Act authorizes the award of monetary damages, permanent injunctive relief, and attorney fees and costs. *Chanel, Inc. v. French*, 2006 U.S. Dist. LEXIS 93297, 2006 WL 3826780, *2.

1.  **Damages under the Telephone Consumer Protection Act**

Under the TCPA, Plaintiff is entitled to actual monetary loss or $500 for each negligent violation, whichever is greater. *See* 47 U.S.C § (b)(3)(B). Additionally, the court may, in its discretion, increase the amount to not more than 3 times this amount for any willful or knowing violation. *See* 47 U.S.C. § (b)(3). Here, Plaintiff informed Defendant that she was not interested in Defendant's services and despite this, Defendant continued to contact her via telephone. In fact, 2 of the calls Plaintiff received were after she informed Defendant that she was not interested in Defendant's services. Thus, in regards to these 2 calls, Defendant's violations of the TCPA were willful

and/or knowing since Defendant knew that Defendant did not have prior express consent to contact Plaintiff. Therefore, damages should be increased to a statutory award amount of $1,500 for each those 2 calls.

Thus, Plaintiff is requesting a total of $3,500 under the TCPA, which is comprised of 2 willful violations and 1 negligent violation.

###    2.    Damages Under the Florida Telephone Solicitation Act

Similar to the TCPA, the FTSA allows Plaintiff to recover actual damages or $500, whichever is greater. Also similar to the TCPA, if the court finds that Defendant's violations of the FTSA were willful and/or knowing, the court may, in its discretion, increase the amount to no more than $1,500 for each violation. See Flat. Stat. § 501.059(10).

As described above, 2 of the calls were received by Plaintiff after she had explicitly informed Defendant that Plaintiff was not interested in Defendant's services. Defendant knew that Defendant did not have prior express written consent to contact Plaintiff. Thus, Defendant's violations of the FTSA were willful and/or knowing, and damages should be increased to the statutory maximum of $1,500 for each of the 2 calls that Plaintiff informed Defendant that Plaintiff was not interested in Defendant's services.

Therefore, Plaintiff is requesting a total of $3,500 under the FTSA, which is comprised of 2 willful violations and 1 negligent violation.

### E. Plaintiff Should Be Awarded Treble Damages

District courts in the Eleventh Circuit have established well-grounded precedent for awarding trebled damages to plaintiffs for such violations of the TCPA. In 2019, the Florida Middle District Court granted a plaintiff's Motion for Default Judgment, which alleged willful and/or knowing violations of the TCPA, awarding Plaintiff treble damages for "each of the twenty-six automated calls plaintiff received after she instructed Defendant to cease the calls." *Grace v. Ability Recovery Servs., LLC*, No. 3:18-cv-962-J-39JRK, 2019 U.S. Dist. LEXIS 89032 (M.D. Fla. Apr. 15, 2019). *See also Ewton v. Pushpin Holdings, LLC*, No. 8:16-cv-978-T-36TBM, 2017 U.S. Dist. LEXIS 31441, 2017 WL 882081, at *4 (M.D. Fla. Mar. 6, 2017) (awarding treble damages because defendant continued to call plaintiff after plaintiff "requested that [defendant] stop contacting her on her cellular phone"); *Arbelaez v. Capital Adv. Sols., LLC*, No. 15-23137-CIV, 2016 U.S. Dist. LEXIS 65222, 2016 WL 2625020, at *1-2 (S.D. Fla. Jan. 20, 2016) (unpublished) (awarding treble damages because defendant continued to call plaintiff after plaintiff "demanded that [d]efendant cease calling her");

*Gambon v. R & F Enters., Inc.*, No. 6:14-cv-403-Orl-18GJK, 2014 U.S .Dist. LEXIS 179125, 2015 WL 64561, at *5 (M.D. Fla. Jan. 5, 2015) (awarding treble damages because defendant continued to call plaintiff after plaintiff "reques[ed] to be removed from [d]efendant's [automatic telephone dialing system]").

In the instant case, a judgment allowing Plaintiff to recover treble damages under both the TCPA and the FTSA for each willful and/or knowing violation is appropriate. Here, as explained in more detail above, Defendant's violations of the both the TCPA and FTSA were willful and/or knowing in regards to 2 of the calls. Plaintiff explicitly informed Defendant that Plaintiff was not interested in Defendant's services. Yet, despite this, Defendant continued to contact Plaintiff.

**F. Plaintiff Should Be Awarded Statutory Damages under both the Telephone Consumer Protection Act and the Florida Telephone Solicitation Act**

While courts in the Eleventh Circuit have yet to address a case that alleges violations of both the FTSA and the TCPA in relation to the damages that may be awarded to a prevailing plaintiff[1], it has heard similar cases which

---

[1] Since the FTSA was recently amended in July of 2021 to allow for a private right of action, very few

alleged violations of both the FDCPA and Florida's Consumer Collection Practices Act, Fla. Stat. §§ 559.55, et seq. (the "FCCPA"). District courts in this Circuit have routinely awarded damages to prevailing plaintiffs under both the FDCPA and the FCCPA. *See Martinez v. Commercial Recovery Sys,* No. 8:13-cv-391-T-30MAP, 2013 U.S. Dist. LEXIS 71765 (M.D. Fla. May 21, 2013 (granting plaintiff's motion for default judgment and awarding plaintiff the full statutory damages for violations of both the FDCPA and the FCCPA). *See also Ingraham v. Capital Link Mgmt. LLC*, No. 22-cv-22691-BLOOM/Otazo-Reyes, 2022 U.S. Dist. LEXIS 194648 (S.D. Fla. Oct. 25, 2022) (granting in part and denying in part plaintiff's motion for summary judgment and ultimately awarding plaintiff the full statutory damages under both the FDCPA and FCCPA) (noting that "a consumer who brings a successful claim under the FDCPA or the FCCPA is entitled to an award of statutory damages in such an amount as the Court may allow, up to $1,000.00…Under both statutes, '[t]he decision whether to award statutory damages…and the size of the award are matters committed to the sound discretion of the district court.'") (citing *Proescher v. Sec. Collection Agency*,

---

cases have been heard by either Florida's Federal Courts or Florida's State Courts in regards to claims for damages recoverable under the FTSA.

No. 3:17-CV-1052-J-32PDB, 2018 U.S. Dist. LEXIS 118039, 2018 WL 3432737, at *9 (M.D. Fla. June 8, 2018)); *See also Sandler v. Michael Maxwell Grp., LLC*, No. 6:19-CV-1688-Orl-41GJK, 2019 U.S. Dist. LEXIS 223815, 2019 WL 7461690, at *4 (M.D. Fla. Dec. 13, 2019) (recommending maximum statutory damages where "Plaintiff has established multiple violations of the FDCPA and the FCCPA"). *See also Goodwyn v. Accredited Mgmt. Sols.*, No. 8:20-cv-244-T-02TGW, 2020 U.S. Dist. LEXIS 253850 (M.D. Fla. Aug. 5, 2020) (granting plaintiff's motion for default judgment and awarding plaintiff full statutory damages for violations of both the FDCPA and the FCCPA) (noting that "the amount of statutory damages award is guided by the nature and extent of the defendant's misconduct…Considerations include the frequency and persistence of the noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional").

Additionally, in *Figueroa v. Maximum Recovery Solutions*, the Court reasoned that "by failing to respond to the instant Motion, Defendant declined the opportunity to challenge both the grant and the amount of the statutory award." No. 12-60098-CIV, 2012 U.S. Dist. LEXIS 206469, 2012 WL 13134301, at *6 (S.D. Fla. Dec. 12, 2012). *See also Frazier v. Absolute*

*Collection Serv.*, 767 F. Supp. 2d 1354, 1366 (N.D. Ga. 2011) (noting that "Defendant through its default and non-appearance has not provided any basis for concluding that an amount less than the statutory maximum is appropriate").

Due to Defendant's numerous willful and/or knowing violations of both the TCPA and FTSA, Plaintiff should be awarded treble damages under both statutes for each of the 2 calls received after Plaintiff informed Defendant that she was not interested in Defendant's services, and negligent statutory damages for the first called received by Plaintiff.

**G.     Plaintiff is The Prevailing Party To This Action and Therefore Entitled To An Award of Attorney's Fees and Costs**

The FTSA mandates the payment of attorney fees to a successful consumer pursuant to Fla. Stat. § 501.059(11)(a). Plaintiff's Counsel has calculated their fees at an hourly rate of $425.00 per hour. To support a billing rate of $425.00, Plaintiff's counsel set forth declarations and prior court findings, demonstrating recognized expertise in this area of consumer litigation. *See* McBride Decl. ¶¶ *19-43*.

Moreover, reasonable billing discretion has been used throughout this case *See McBride Decl.* ¶¶ *44-48*. Using reasonable billing discretion, Mr.

McBride and his firm, Kazerouni Law Group has billed for 11.4 hours of work in this case at a rate of $425.00 per hour for a total of $4,845. *See McBride Decl. ¶ 48, and Exhibit C*. Plaintiff's counsel also expended a total of $677.71 in costs which includes a filing fee, service of process charges, and postage. *See Exhibit C*. Therefore, Plaintiff has incurred a total of $5,522.71 in attorneys fees and costs.

## H. Attorney Fees Shall Be Calculated Pursuant To The Lodestar Formula

District courts must calculate awards for attorney's fees using the "lodestar" method. This is especially true with FDCPA actions. *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145 (9th Cir. 2001), an action against a debt collector pursuant to the FDCPA, "District courts must calculate awards for attorneys' fees using the "lodestar" method." The "lodestar" figure is the hours reasonably expended multiplied by an allowed hourly rate. *See Hensley v. Eckerhart*, 103 S.Ct. 1933, 1939 (1983) (viewing an award of fees under 42 U.S.C. § 1988). The burden is on the applicant to prove that the fee request is reasonable, with a strong presumption that the lodestar amount represents a fair and appropriate fee award.

Although *Hensley* was decided in the context of a civil rights case, the

lodestar analysis is applicable to all cases involving an attorney fee shifting statute. *Hensley*, 103 S.Ct. at 1941. The Supreme Court has previously noted that, "We have stated in the past that fee shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike." The determination of the allowable hours rests with the sound discretion of the trial court. *Hensley*, 103 S.Ct. at 1941. Determination of the hourly rate by the trial court should consider a rate "commensurate which [counsel] could obtain by taking other types of cases."

## I.     Plaintiff's Attorneys Fees Are Reasonable

Plaintiff's Counsel has calculated their fees at an hourly rate of $425.00 per hour. To support a billing rate of $425.00, Plaintiffs' counsel set forth declarations and prior court findings, demonstrating recognized expertise in this area of consumer litigation *See McBride Decl.* ¶¶ 31-43.

## J.     Plaintiff's Counsel's Reasonable Hours Expended and Costs Incurred

Reasonable billing discretion has been used throughout this case *See McBride Decl. ¶ 44-49.* Using reasonable billing discretion, Mr. McBride and his firm, Kazerouni Law Group, APC has billed for 11.4 hours of work in this case at a rate of $425.00 per hour for a total of $4,845. *See McBride*

*Decl. ¶* 48; *See Exhibit C.* Plaintiff's counsel also expended a total of $677.71 in costs, which includes a filing fee, process server fees, and postage. *See Exhibit C.* In addition, Plaintiff's counsel reduced his hours by 5.2 hours as a result of reasonable billing discretion. *See McBride Decl.* ¶

## M. CONCLUSION

In the present case, Plaintiff requests judgment be entered against Defendant for a total award of:

1. $500 in statutory damages for the 1 negligent violation of the TCPA for a total of $500;

2. $1,500 in statutory damages for each of the 2 willful and/or knowing violations of the TCPA for a total of $3,000;

3. $500 in statutory damages for the 1 negligent violation of the FTSA for a total of $500;

4. $1,500 in statutory damages for each of the 2 willful and/or knowing violations of the FTSA for a total of $3,000;

5. $4,845 in attorney's fees;

6. $677.71 in costs.

//
//

Dated: February 14, 2023              Respectfully submitted,

                                  BY: /s/ RYAN L. MCBRIDE_____

                                        RYAN L. MCBRIDE, ESQ.
                                        TRIAL COUNSEL FOR PLAINTIFF

                                Ryan L. McBride (1010101)
                                **Kazerouni Law Group, APC**
                                301 E Bethany Home Road
                                Suite C-195
                                Phoenix, AZ 85012
                                Telephone: (800) 400-6808
                                Facsimile:  (800) 520-5523
                                ryan@kazlg.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 14, 2023, a true and correct copy of the foregoing Motion for Default Judgment and Reasonable Attorney's Fees and Costs Against Defendant Atlantic Recovery Solutions, LLC, and all related exhibits and attachments, was served on the parties listed below via U.S. Mail and Email.

Care Front Funding d/b/a Capfront
c/o The Corporation – Registered Agent for Service of Process
210 Old Country Road, Suite 101
Mineola, NY 11501
*Defendant*

*/s/ Ryan. McBride*
Ryan L. McBride, Esq.