UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHANIE BROWN,

    Plaintiff,

v.                                                        Case No: 8:22-cv-2408-VMC-JSS

CARE FRONT FUNDING,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff moves for entry of final default judgment against Defendant Care Front Funding, d/b/a Capfront, Inc. pursuant to Federal Rule of Civil Procedure 55 and for an award of attorneys' fees and costs. (Motion, Dkt. 16.) For the reasons that follow, the undersigned recommends that the Motion be granted in part and denied in part.

## BACKGROUND

Plaintiff, a resident of Florida, brings this action against Defendant on behalf of herself and a class of similarly situated individuals seeking damages, an injunction, and declaratory relief for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and Florida's Telephone Solicitation Act (FTSA), Fla. Stat. § 501.059. (Dkt. 1.) In the Complaint, Plaintiff alleges that on or around June 12, 2009, she "placed herself on the do not call list indicating that she, as a subscriber, did not wish to receive unsolicited telephonic calls." (*Id.* ¶¶ 35, 42.) Nevertheless, Plaintiff alleges that in August 2022, she received three unsolicited phone calls from Defendant

for the purpose of persuading Plaintiff to obtain a business loan. (*Id.* ¶¶ 36–43.) Plaintiff alleges that she suffered actual harm as a result of the calls, including the invasion of her privacy, aggravation, annoyance, intrusion on seclusion, inconvenience, lost time in investigating the origin of the calls, and the taking of memory on her cellular phone. (*Id.* ¶¶ 44–46.)

Plaintiff served the summons and Complaint on Defendant's registered agent on October 28, 2022 and filed an executed return of service. (Dkt. 7.) Defendant failed to answer or otherwise respond to the Complaint. On December 20, 2022, Plaintiff moved for entry of a clerk's default (Dkt. 12), and the Clerk of Court subsequently entered default against Defendant (Dkt. 13). Plaintiff now moves for entry of default judgment against Defendant as to Plaintiff's individual claims pursuant to Federal Rule of Civil Procedure 55(b)(2)[1] and for an award of attorneys' fees and costs. (Dkt. 16.)[2]

## APPLICABLE STANDARDS

When a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a). If the plaintiff's claim is for a sum certain or an ascertainable sum, then the clerk, upon the plaintiff's request supported by an affidavit

---

[1] Concurrently with the Motion, Plaintiff filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) of the class claims brought in the Complaint. (Dkt. 15.)
[2] Pursuant to Federal Rule of Civil Procedure 55(b)(2), Defendant is not entitled to notice of Plaintiff's Motion because Defendant never appeared in or defended against this action. Nevertheless, Plaintiff served the Motion on Defendant through U.S. Mail and email on February 14, 2023. (Dkt. 16 at 24.) Defendant has not appeared to oppose the Motion.

showing the amount due, must enter a default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, the party entitled to judgment must apply to the district court for a default judgment. Fed. R. Civ. P. 55(b)(2). A court may enter a default judgment against a defendant who never appears or answers a complaint "for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. *Cotton v. Mass Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005); *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3] However, "before entering a default for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis omitted). Therefore, in considering whether to enter default judgment, the court must first determine whether the complaint states a claim for relief. *GMAC Com. Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997)). In addition to the pleadings, the court may also consider evidence presented in support of the motion for default

---

[3] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

judgment, including affidavits. *See E.E.O.C. v. Titan Waste Servs. Inc.*, No. 3:10-cv-379-MCR-EMT, 2014 WL 931010, at *6 (N.D. Fla. Mar. 10, 2014); *Super Stop No. 701, Inc. v. BP Prod. N. Am. Inc.*, No. 08-61389-civ, 2009 WL 5068532, at *2 n.4 (S.D. Fla. Dec. 17, 2009) (noting that "unchallenged affidavits are routinely used to establish liability and damages" at default judgment); *see also Shandong Airlines Co. Ltd. v. CAPT, LLC*, 650 F. Supp. 2d 1202, 1207 (M.D. Fla. 2009) (relying on declaration and documentary evidence to support plaintiff's alleged damages on default).

## ANALYSIS

### A. Service of Process

A district court lacks jurisdiction over a defendant who was not properly served with process and may not enter default judgment against that defendant. *Colclough v. Gwinnett Pub. Schs.*, 734 F. App'x 660, 662 (11th Cir. 2018) ("Given the improper service, the Court lacked jurisdiction over the matter and could not render a default judgment or enter default."); *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1368 (11th Cir. 1982) (default judgment entered against defendant who was not properly served is void); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of such service (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). To be entitled to a default judgment, Plaintiff therefore bears the burden to establish proper service of process on Defendant Care Front Funding, d/b/a Capfront, Inc. *See,e.g.*, *Rajotte v. Fabco Metal Prod., LLC*, No. 6:12-cv-372-Orl-28, 2012

WL 6765731, at *2 (M.D. Fla. Dec.13, 2012), *report and recommendation adopted,* 2013 WL 57722 (M.D. Fla. Jan 4, 2023) (denying motion for default judgment without prejudice due to improper service).

Pursuant to Federal Rule of Civil Procedure 4(h), a corporation, partnership, or unincorporated association located in a judicial district of the United States may be served "by delivering a copy of the summons and of the complaint to . . . any [] agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]"  Plaintiff filed a return of service indicating that service was made on Defendant by delivering a copy of the summons, complaint, certificate of interested persons, and notice of lead counsel to an authorized individual at Defendant's registered agent for service in Mineola, New York on October 28, 2022.  (Dkt. 7.)  Accordingly, the undersigned recommends that Plaintiff has properly effected service on Defendant.

## B. Liability

### 1. Telephone Consumer Protection Act, 47 U.S.C. § 227

Plaintiff alleges in Count I of the Complaint that Defendant negligently and willfully violated section 227(c)(5) of the TCPA, 47 U.S.C. § 227(c)(5). (Dkt. 1 ¶¶ 57–63.)  Section 227(c)(5) provides a private right of action to "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]"  47 U.S.C. § 227(c)(5).  Thus, to state a claim under section 227(c)(5) of the TCPA, Plaintiff must

allege that she received more than one call within a year, by or on behalf of Defendant, and in violation of a Federal Communications Commission (FCC) regulation prescribed under the TCPA.  *See Nece v. Quicken Loans, Inc.*, No. 8:16-cv-2605-T-23TBM, 2017 WL 2865047, at *1 (M.D. Fla. Jan. 3, 2017).

Pursuant to regulations promulgated by the FCC, "[t]he National Do Not Call Registry is maintained by the federal government, and telemarketers are prohibited from soliciting residential telephone subscribers who have registered their numbers on the list."  *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1265 (11th Cir. 2019) (citing 47 C.F.R. § 64.1200(c)(2)).  This prohibition similarly applies to telephone solicitations and telemarketing calls made to "wireless telephone numbers."  *Klassen v. Protect My Car Admin Servs., Inc.*, 599 F. Supp. 3d 1243, 1245 (M.D. Fla. 2021) (quoting *Becker v. Pro Custom Solar LLC*, No. 2:19-cv-535-FtM-29-NPM, 2020 WL 474647, at *6 (M.D. Fla. Jan. 29, 2020) (citing 47 C.F.R. § 64.1200(e))).  The FCC defines "telephone solicitation" as a telephone call or message "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services" except "with that person's prior express invitation or permission[.]"   47 C.F.R. § 64.1200(f)(15).  "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person."  *Id.* § 64.1200(f)(13).  In the context of the TCPA, "[t]he receipt of more than one unwanted telemarketing call . . . is a concrete injury that meets the minimum requirements of Article III standing."  *Evans v. Ocwen Loan Servicing, LLC*, No. 21-14045, 2022 WL 17259718, at *1 (11th Cir. Nov.

29, 2022) (quoting *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1306 (11th Cir. 2020)).

In her Complaint, Plaintiff alleges that she placed her cell phone number on the National Do Not Call Registry on or around June 12, 2009. (Dkt. 1 ¶¶ 35, 42.) Plaintiff further alleges that Defendant or Defendant's agents called Plaintiff's cell phone number three times in August 2022 to solicit business by "attempting to persuade Plaintiff to obtain a loan." (*Id.* ¶¶ 36–39.) Plaintiff alleges that she is "the subscriber and sole user of [her phone number] and is financially responsible for phone service to [her number]." (*Id.* ¶ 43.) These facts, which are deemed admitted by Defendant's default, *Cotton*, 402 F.32 at 1278, are sufficient to state a claim for Defendant's violation of section 227(c)(5) of the TCPA. *See, e.g.*, *Klassen*, 599 F. Supp. 3d at 1245–46 (finding allegations sufficient to state a claim under section 227(c) where plaintiff listed her phone number on the Do Not Call Registry in May 2007 and defendant "allegedly called that number at least five times 'for solicitation purposes'" in 2020); *Nece*, 2017 WL 2865047, at *1 (plaintiff stated a claim under section 227(c) based on allegation that she "listed her number on the do-no-call-registry, but [defendant] called [her] several times within a year to solicit business"); *Becker*, 2020 WL 474647, at *6 (denying motion to dismiss and finding allegations sufficient where plaintiff alleged that defendant "called him for the purposes of marketing and solicitation," by trying "to sell [him] solar panels and [] schedule an appointment for solar panel installation during the phone calls") (internal quotation marks removed).

Accordingly, the undersigned recommends that Plaintiff has established Defendant's liability under section 227(c)(5) of the TCPA.

### 2. Florida Telephone Solicitation Act, Fla. Stat. § 501.059

Plaintiff alleges in Count II of the Complaint that Defendant violated "Fla. Stat[.] § 501.059(8)(a) and Fla. Stat[.] § 501.059(1)(g) by using an automatic telephone dialing system and/or pre-recorded voice messages to make non-emergency telephone calls to the cell phone[] of Plaintiff[.]" (Dkt. 1 ¶¶ 69–74.) Section 501.059(8)(a) prohibits a person from "mak[ing] or knowingly allow[ing] a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a). Section 501.059(1)(g) provides the requirements for a written agreement to establish the "prior express written consent" of the called party. *Id.* § 501.059(1)(g). The FTSA defines "telephonic sales call" in relevant part as a telephone call "to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." *Id.* § 501.059(1)(j). "Consumer goods or services," in turn, is defined as:

> real property or tangible or intangible personal property that is normally used for personal, family, or household purposes, including, but not limited to, any such property intended to be attached to or installed in any real property without regard to whether it is so attached or installed,

> as well as cemetery lots and timeshare estates, and any services related to such property.

*Id.* § 501.059(1)(c).

Upon consideration of the Complaint, the undersigned recommends that Plaintiff has failed to allege sufficient facts to establish Defendant's liability for violations of sections 501.059(8)(a) and 501.059(1)(g) of the FTSA.  In particular, Plaintiff fails to allege that Defendant made "telephonic sales calls" for the solicitation of a sale of or extension of credit for any "consumer goods or services" as defined by the statute.  *See Nishimatsu Const. Co.*, 515 F.2d at 1206 ("There must be a sufficient basis in the pleadings for the judgment entered.").

In analyzing the provisions of the FTSA, the court's inquiry "begins with the statutory text, and ends there as well if the text is unambiguous." *Bellitto v. Snipes*, 935 F.3d 1192, 1200 (11th Cir. 2019) (quoting *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004)).  "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)).  Here, the unambiguous language of section 501.059(8)(a), under which Plaintiff has brought Count II, is that it applies only to "telephonic sales calls" made without the called party's prior written consent.  Fla. Stat. § 501.059(8)(a). The statute further unambiguously defines "telephonic sales call" as a telephone call for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for any consumer goods or services, or obtaining information that

will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes. Fla. Stat. § 501.059(1)(j). The statute similarly unambiguously defines "consumer goods or services" as "real property or tangible or intangible personal property that is normally used for personal, family or household purposes . . . and any services related to such property." *Id.* § 501.059(1)(c). Thus, as written, section 501.059(8)(a) does not apply to telephone calls made for the purpose of soliciting a sale of or extending a line of credit for goods or services that are not "normally used for personal, family, or household purposes." *Id.*

Although the FTSA "is remedial in nature [and] should be construed liberally in favor of consumers," *Legg v. Voice Media Grp., Inc.*, 990 F. Supp. 2d 1351, 1354 (S.D. Fla. 2014), courts are "not allowed to add words to or rewrite a statute." *Smith ex rel. MS v. Crisp Reg'l Hosp., Inc.*, 985 F.3d 1306, 1309 (11th Cir. 2021); *see also Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230, 236 (11th Cir. 2011) (rejecting plaintiff's "invitation to stretch and distort the meaning of 'telephone solicitation'" under the TCPA); *Soto Leigue v. Everglades Coll., Inc.*, No. 22-CV-22307, 2022 WL 11770137, at *4 (S.D. Fla. Oct. 20, 2022) (interpreting the FTSA's prohibitions to include calls related to education services because "[h]ad the Florida Legislature intended to exclude communications related to educational services or university courses from the ambit of the FTSA, it certainly could have done so explicitly"). Indeed, courts have interpreted similar statutes that provide for "consumer" protections related to goods and services that are "primarily for personal, family, or household purposes" to exclude goods and services in the business context. *See, e.g.*,

*Lingo v. City of Albany Dep't of Cmty. & Econ. Dev.*, 195 F. App'x 891, 893 (11th Cir. 2006) (noting that the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, "does not apply to the loan obtained by [plaintiff], which was a loan for a business, not for 'personal, family, or household purposes'"); *Korkmas v. Onyx Creative Grp.*, 298 So. 3d 690, 692 (Fla. 1st DCA 2020) (interpreting Florida's Consumer Collection Practices Act, Fla. Stat. §§ 559.72 & 559.77 to not apply where "[i]t is undisputed that [defendant] provided the loan to [plaintiff] for her *business venture* . . . as opposed to some 'personal, family, or household purpose'") (emphasis in original); *Lindemann v. Glob. Servs. Grp., LLC*, No. 8:18-cv-1546-T-33SPF, 2018 WL 4774963, at *4 (M.D. Fla. Oct. 3, 2018) (finding allegations sufficient to warrant default judgment but noting that the FDCPA "is limited to 'consumer debt' . . . and does not cover business debts") (citations omitted); *cf. Urquiaga v. Fin. Bus. & Consumer Sols., Inc.*, No. 16-cv-62110-BLOOM/Valle, 2016 WL 6877735, at *3 (S.D. Fla. Nov. 22, 2016) (finding "consumer debt" element sufficiently pleaded where complaint alleged attempt to collect on debt related to a student loan).

Neither Plaintiff's Complaint nor her Motion contain any allegation that Defendant called Plaintiff for the purpose of soliciting a sale, extension of credit, or information related to any consumer goods or services as defined by the FTSA. Instead, Plaintiff alleges only that Defendant called her phone number to solicit Plaintiff's interest in a "*business* loan." (Dkt. 1 ¶ 36) (emphasis added); *see also* (Dkt. 16-4 at 2 ("After the beep, I heard Defendant's agent on the line, who asked me if I needed a business loan.").  Plaintiff also submits an email she received from Defendant

following the calls, which supports that the calls were made for business solicitation purposes rather than to solicit a sale, line of credit, or information for "consumer goods or services." *See* (Dkt. 16-2 ("Based on what you told me, I'm confident that my team can secure a much more cost-effective funding solution for your business than anything you've seen in the past! . . . If you'd like to learn more about what we can do for your business e-sign our 1-page application here . . . and reply to this email with your last 3 full months of business bank statements[.]").)  Plaintiff also alleges in the Complaint and argues in the Motion that Defendant is liable because it made multiple "non-emergency telephone calls" without human intervention to Plaintiff's phone number. (Dkt. 1 ¶ 72; Dkt. 16 at 7.)  However, as explained above, section 501.059(8)(a) requires that the telephone calls be "telephonic sales calls" rather than "non-emergency" calls.  *Compare* Fla. Stat. § 501.059(8)(a) *with* 47 U.S.C. § 227(b)(1) (prohibiting use of an automatic dialing system or artificial or prerecorded voice to make any call "other than a call made for emergency purposes or with the prior express consent of the called party").

Section 501.059(8)(a) of the FTSA unambiguously defines the type of calls that it prohibits, and the facts alleged in Plaintiff's Complaint fail to establish Defendant's liability under that section.  *See GMAC Com. Mortg. Corp.*, 218 F. Supp. 2d at 1359 ("A default judgment cannot stand on a complaint that fails to state a claim."); *Little v. Halsted Fin. Servs., LLC*, No. 8:16-cv-578-T-36AEP, 2017 WL 897428, at *3 (M.D. Fla. Mar. 7, 2017) ("Since the Court lacks sufficient factual allegations to determine whether the alleged debt was a consumer debt as defined by the FDCPA, it cannot

grant default judgment at this time."); *Grace v. Ability Recovery Servs., LLC*, No. 3:18-cv-962-J-39JRK, 2019 WL 11499374, at *2 (M.D. Fla. Mar. 12, 2019) ("Plaintiff, however, has failed to state a claim under the FDCPA and the FCCPA because she has not offered sufficient factual allegations that she has been the object of collection activity arising from consumer debt."). Accordingly, the undersigned recommends that Defendant's Motion be denied as to Count II for violations of sections 501.059(8)(a) and 501.059(1)(g) of the FTSA.

### C. Damages

Having found that Plaintiff has established Defendant's liability under the TCPA, the undersigned considers Plaintiff's entitlement to damages under that statute. In the Motion, Plaintiff seeks only statutory damages for Defendant's violations of the TCPA. (Dkt. 16 at 12.) Plaintiff states that she is not seeking additional actual damages, and makes no reference to pursuing the injunctive and declaratory relief sought in the Complaint. *See* (Dkt. 1 at 21.) Accordingly, the undersigned considers only Plaintiff's request for $500 in statutory damages for the first call to Plaintiff's phone, and $1,500, or treble damages, for each of the two calls made to Plaintiff's phone after she informed Defendant that she was not interested in Defendant's services. (Dkt. 16 at 13–14.)

Pursuant to 47 U.S.C. § 227(c)(5), a party may receive up to $500 for each violation of the TCPA, and "[i]f the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion" award treble damages. 47 U.S.C. § 227(c)(5). "The requirement of

'willful[ ] or knowing[ ]' conduct requires the violator to know he was performing the conduct that violates the statute." *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015) (citation omitted).

Initially, the undersigned finds that a hearing is not required to determine a damages award because "sufficient evidence is submitted to support the request." *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Federal Rule of Civil Procedure 55(b)(2) "speaks of evidentiary hearings [to determine a plaintiff's damages] in a permissive tone." *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("We have held that no such hearing is required where all essential evidence is already of record.")  The undersigned finds, in its discretion, that a hearing is not required to determine Plaintiff's damages as sufficient evidence is in the record to establish Plaintiff's statutory damages pursuant to the TCPA. *See, e.g.*, *Jeffery v. E. Asset Servs., LLC*, No. 8:17-cv-1361-T-27-JDW-AAS, 2018 WL 3999663, at *2 (M.D. Fla. July 27, 2018), *report and recommendation adopted,* 2018 WL 3999639 (M.D. Fla. Aug. 21, 2018) (awarding TCPA damages without requiring hearing).

Upon consideration, the undersigned recommends that Plaintiff is entitled to $500 for each of Defendant's three calls to Plaintiff's phone in violation of the TCPA, for a total of $1,500.  *See* 47 U.S.C. § 227(c)(5). With respect to Plaintiff's request for treble damages for two of the phone calls, the undersigned finds that Plaintiff's allegations and her declaration in support of the Motion (Dkt. 16-4) fail to establish that Defendant "willfully or knowingly" violated the TCPA and the regulations prescribed thereunder.  For instance, courts have found treble damages warranted

where a plaintiff explicitly tells a defendant to stop calling, and the defendant persists in contacting the plaintiff. *See, e.g*, *Milana v. DECA Fin. Servs., LLC*, No. 8:18-cv-450-T-33TGW, 2018 WL 3621366, at *3 (M.D. Fla. July 30, 2018) (awarding treble damages for two calls after plaintiff revoked consent by "previously instruct[ing] Defendant to stop calling her"); *Ewton v. Pushpin Holdings, LLC*, No. 8:16-cv-00978-CEH-TBM, 2017 WL 882081, at *4 (M.D. Fla. Mar. 6, 2017) (awarding treble damages for calls after plaintiff "expressly revoked her consent by mailing [defendant] a 'Do Not Call' letter"). That is not the case here. Rather, Plaintiff alleges only that during the first call, she "explicitly informed Defendant that Plaintiff was not interested in Defendant's services." (Dkt. 16 at 16); *see also* (Dkt. 1 ¶ 37 ("The Plaintiff stated she was not interested and hung up."); Dkt. 16-4 at 2 ("I replied that I was not interested and hung up.").) Indeed, Plaintiff's description of the third call indicates that Defendant may not have even been aware of Plaintiff's statement that she was not interested in Defendant's services. *See* (Dkt. 1 ¶ 38 ("This time, the live agent acted like it did not know who Plaintiff was or that she had already been called.").)

Moreover, even in TCPA cases where plaintiffs have expressly stated to defendants that they do not want to be contacted, "when liability is established through default judgment rather than the merits, courts routinely award the minimum statutory damages." *Jeffery*, 2018 WL 3999663, at *2 (declining to award treble damages for 32 calls "after [plaintiff] notified [defendant] it did not have [her] consent to place these calls") (citation omitted); *Oliver v. BPO USA LLC*, No. 3:19-cv-990-J-32MCR, 2020 WL 7364211, at *1 (M.D. Fla. Nov. 24, 2020), *report and recommendation adopted*, 2020 WL

7351567 (M.D. Fla. Dec. 15, 2020) (declining to award treble damages for text messages after Plaintiff "contacted Defendant and told them [] to quit contacting him entirely"); *Castro v. Cap. One Servs., LLC*, No. 8:16-cv-889-T-17TGW, 2017 WL 4776973, at *4–5 (M.D. Fla. Aug. 3, 2017) (declining to award treble damages under the TCPA where plaintiffs alleged that "Defendants called them numerous times, both prior to and after they told the Defendants they did not consent to receiving further telephone calls"); *Arnold v. Source Sols. Mgmt., LLC*, No. 8:20-cv-2519-SCB-SPF, 2021 WL 2515204, at *5–6 (M.D. Fla. Apr. 27, 2021) (declining to award treble damages where plaintiff alleged that she informed defendant to stop calling, but the allegations "lack sufficient detail to establish the Defendant willfully and knowingly violated the TCPA"); *see also Ris v. ICollect.com, Corp.*, No. 8:16-cv-2414-T-30AAS, 2017 WL 2620545, at *2 (M.D. Fla. June 16, 2017) ("Plaintiff's Complaint does not include factual allegations sufficient for the Court to find that Defendant willfully or knowingly violated the TCPA."). Accordingly, the undersigned recommends that Plaintiff is entitled to $500 for each of Defendant's three calls to Plaintiff in violation of the TCPA for a total of $1,500.

### D. Attorneys' Fees and Costs

In the Motion, Plaintiff asserts that she is entitled to an award of attorneys' fees pursuant to the FTSA, section 501.059(11)(a) of the Florida Statutes. (Dkt. 16.) Section 501.059(11)(a) provides that "[i]n any civil litigation resulting from a transaction involving a violation of this section, the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall receive his or her reasonable

attorney's fees and costs from the nonprevailing party." Fla Stat. § 501.059(11)(a). As discussed above, the undersigned recommends that Plaintiff has not established a violation of the FTSA, and thus is not entitled to attorneys' fees under that statute. Additionally, the TCPA does not provide for an award of attorneys' fees in a private action. 47 U.S.C. § 227; *Brooks v. Caliber Home Loans, Inc.*, No. 8:17-cv-1247-T-27AEP, 2017 WL 3634606, at *2 (M.D. Fla. Aug. 22, 2017). Accordingly, the undersigned recommends that Plaintiff is not entitled to attorneys' fees in this matter. *See* M.D. Fla. Local R. 7.01(a) (creating a bifurcated procedure in which a party seeking attorney's fees "must obtain an order determining entitlement before providing a supplemental motion on amount").

Plaintiff also seeks $677.71 in taxable costs, which includes a filing fee, service of process charges, and costs for printing and postage. (Dkt. 16 at 21–22; Dkt. 16-3 at 5.) Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party . . . . The clerk may tax costs on 14 days' notice." Fed. R. Civ. P. 54(d)(1). Taxable costs under Rule 54 are enumerated in 28 U.S.C. § 1920 and include fees of the clerk and marshal and fees for the costs of making copies of any materials where the copies are necessarily obtained for use in the case. 28 U.S.C. § 1920. However, "[w]hile Section 1920 allows for the taxation of costs, the Clerk must initially tax costs." *Lowe v. STME, LLC*, No. 8:18-cv-2667-T-33SPF, 2019 WL 2717197, at *3 (M.D. Fla. June 28, 2019) (citing Fed. R. Civ. P. 54(d)(1)). Section 1920 further provides that "[a] bill of costs shall be filed in the case and, upon

allowance, included in the judgment or decree." 28 U.S.C. § 1920.  Plaintiff has not filed a bill of costs for consideration by the Clerk.  "Therefore, the proper procedure is for [Plaintiff] to file a verified bill of costs with the Clerk.  If the Clerk taxes costs upon the filing of that bill of costs, [Defendant] may object and seek judicial review within five days."  *Lowe*, 2019 WL 2717197, at *3; *see also Neurocare Inst. of Cent. Fla., P.A. v. US Cap. Access, Inc.*, No. 6:13-cv-1233-Orl-31DAB, 2014 WL 12873038, at *5 (M.D. Fla. May 14, 2014), *report and recommendation adopted*, 2014 WL 12873040 (M.D. Fla. May 30, 2014) (denying request to tax costs without prejudice to party's filing of bill of costs with clerk).  The undersigned therefore recommends that Plaintiff's request for costs be denied without prejudice subject to Plaintiff's filing of a verified bill of costs and sufficient supporting documentation with the Clerk.[4]

Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's Motion for Default Judgment (Dkt. 16) be **GRANTED in part** and **DENIED in part** as discussed herein.

2. The Clerk be directed to enter judgment in favor of Plaintiff and against Defendant as to Count I in Plaintiff's Complaint (Dkt. 1) and Plaintiff be

---

[4] Upon review of Plaintiff's request for costs, the undersigned notes that "[p]ostage is not recoverable under § 1920."  *First Home Bank v. Extreme Elecs. Grp., LLC*, No. 8:17-cv-02087-EAK-AEP, 2018 WL 4656293, at *4 (M.D. Fla. July 13, 2018) (citing *Duckworth v. Wisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996)).  Further, although "private service of process is not explicitly provided for in [28 U.S.C. §§ 1920 or 1921] the Court may authorize taxation of such costs *so long as they do not exceed the statutory fees authorized in 28 U.S.C. § 1921*."  *Scotlynn USA Div., Inc. v. Cold Ground Transp., LLC*, No. 2:15-cv-152-FtM-38CM, 2016 WL 6066682, at *4 (M.D. Fla. Oct. 14, 2016) (emphasis added) (citing *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000)).

    awarded $1,500 in statutory damages pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227.

3. Plaintiff's Motion for Default Judgment (Dkt. 16) as to Count II be denied without prejudice and that claim be dismissed.

4. Plaintiff's request for attorneys' fees and costs be denied without prejudice, subject to Plaintiff's filing of a bill of costs with the Clerk.

**IT IS SO REPORTED** in Tampa, Florida, on April 6, 2023.

                                                JULIE S. SNEED
                                    UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Virginia M. Hernandez Covington
Counsel of Record